SUCESIÓN SURO, DEMANDANTE Y APELANTE, *v.* SUCESIONES PRADO, PONZA Y DEL RÍO, DEMANDADAS Y APELADAS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre inexistencia de contrato y otros extremos.

No. 2177.—Resuelto en mayo 6, 1920.

DESESTIMACIÓN DE APELACIÓN—TÉRMINO PARA RADICAR LA APELACIÓN.—Estando pendiente de resolución en la corte inferior una moción pidiendo la eliminación de la exposición del caso por haberse presentado fuera de tiempo, es prematura una moción solicitando la desestimación del recurso por el fundamento de haber vencido el término para radicar el record en la Corte Suprema.

ID.—DILIGENCIA—BUENA FE.—Cuando se solicita la desestimación de una apelación de acuerdo con la regla 59 del reglamento del Tribunal Supremo, es preciso probar satisfactoriamente que el apelante no ha proseguido su recurso con la debida diligencia y de buena fe.

Id.—Notificación del Recurso—Parte Necesaria.—Cuando se pide la desestimación del recurso por el fundamento de que la notificación de la apelación no · se hizo en forma y tiempo oportunos a un apelado, es preciso alegar y demostrar que éste es parte necesaria en el juicio.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Rincón & Sarriera.*

Abogados de las apeladas: *Sres. Alvarez Nava & Domínguez, y F. Soto Gras.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La Sucesión de Alonso del Río, una de las partes demandadas apeladas, ha presentado moción a esta Corte Suprema para que se· desestime el recurso de apelación interpuesto en 21 de noviembre de 1918 por la Sucesión de Juan Suro, parte demandante, contra la sentencia que dictó la Corte de Distrito de San Juan, Sección Primera, en 22 de octubre anterior, declarando sin lugar la demanda.

Los fundamentos en que descansa la petición de desestimación del recurso son en síntesis los siguientes:

1°. Que la exposición del caso fué radicada en la corte inferior en 1°. de julio de 1919 después de varias prórrogas, cuando ya había vencido la última de ellas y por tanto habían vencido con exceso los treinta días que la ley concede para radicar la transcripción del récord en esta Corte Suprema, contados desde la radicación del escrito de apelación.

2°. Que aun en la hipótesis de haberse presentado en tiempo legal la exposición del caso, los demandantes no habían proseguido su apelación con la debida diligencia y era de aplicación la regla 59 de las de esta Corte Suprema.

3°. Que los demandados, herederos desconocidos de Encarnación Prado y Joaquina Juliá no fueron notificados del escrito de apelación y si bien la parte apelante estaba publicando edictos con ese fin, tal notificación no se hizo al tiempo de notificarse el recurso al secretario de la corte y a la Sucesión de Alonso del Río, ni dentro del término con-

cedido por la ley para establecer el recurso, habiendo ocurrido además que la notificación de los otros demandados se hizo sin cumplir los requisitos prevenidos por el artículo 320 del Código de Enjuiciamiento Civil.

Como la peticionaria, Sucesión de Alonso del Río, ha acompañado a su moción una certificación del Secretario de la Corte de Distrito de San Juan creditiva entre otros extremos de que la exposición del caso no había sido aprobada aun y estaba pendiente de una moción de dicha sucesión sobre eliminación de aquella exposición por haberse presentado fuera de tiempo, nos abstenemos de tomar acción sobre el primer motivo de la moción por estimar más conveniente a los intereses de la justicia que la parte espere a que dicha corte resuelva lo que proceda sobre la moción de eliminación, dándonos así base para poder apreciar si está vencido o no el término para la presentación del record en la Secretaría de esta Corte Suprema.

En cuanto al segundo motivo de la moción, nos son desconocidas por completo las razones que pudieran existir para el otorgamiento de las prórrogas y para estimar probado satisfactoriamente que el apelante no ha proseguido su apelación con la debida diligencia y de buena fé, y por tanto no cabe dar aplicación a la regla 59 del reglamento de esta Corte Suprema.

Por lo que atañe al tercer motivo de la moción, nada adelantamos con resolver si las notificaciones a que alude el peticionario han sido hechas o no en tiempo oportuno y en forma debida, por la razón de que no se ha hecho alegación alguna en la petición ni se ha argumentado acerca de si los citados son o no partes necesarias en el juicio. Y no estamos convencidos de que lo sean, dada la circunstancia de que la demanda que originó el pleito se encamina principalmente a obtener que la Sucesión de Alonso del Río entregue a los demandantes en concepto de reivindicación los dos in-

muebles descritos en dicha demanda y la suma de $132,600 por frutos producidos durante los veinte y seis años en que ha detentado dichos inmuebles. Los méritos del caso están al parecer más o menos comprendidos en el tercer fundamento de la moción.

Procede desestimar la moción, sin perjuicio de que podamos considerarla nuevamente en cuanto a su último fundamento con mayor conocimiento de los hechos, al celebrarse la vista de la apelación.

> *Desestimada la moción de las apeladas sin perjuicio de considerarla nuevamente en cuanto a su último fundamento al celebrarse la vista del caso.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.